IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:03CV45-V-02
(5:02CR19-MU)


WILLIS ANTHONY ROSADO,        )
    Petitioner,           )
                              )
      v.                  )                    **ORDER**
                              )
UNITED STATES OF AMERICA,     )
    Defendant.            )
_____)


**THIS MATTER** comes before the Court the petitioner's "Motion Under 28 U.S.C. §2255 To Vacate, Set Aside, Or Correct Sentence . . . ," filed April 7, 2003; on the government's combined "Response To Title 28 §2255 Petition And Motion For Summary Judgment," filed July 21, 2003. After having carefully reviewed the petitioner's Motion, the record of the petitioner's criminal case, and the relevant legal precedent, the Court concludes, out of an abundance of caution, that the petitioner's Motion to Vacate should be <u>granted</u>, but only for the purpose of allowing him to pursue a direct appeal of his convictions and/or sentences in his underlying criminal case.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

According to the record, on May 27, 2002, the petitioner (along with two other persons) was named in a Bill of Indictment which charged him with conspiracy to possess with intent to distribut,e and to distribute detectable amounts of Hydromorphone

and oxycodone, in violation of 21 U.S.C. §§841, 846 and 851
(Count One); and with possession with intent to distribute
detectable amounts of both of the foregoing substances, in
violation of 21 U.S.C. §841 (Count Two).

On August 20, 2002, the petitioner entered into a written
Plea Agreement with the government, whereby he agreed to plead
guilty to Count One in the Indictment.  Consequently, on
September 10, 2002, the petitioner appeared before the Court and
tendered his guilty plea as contemplated by his Agreement.  At
the conclusion of that Plea & Rule 11 Proceeding, the Court
conditionally accepted the petitioner's guilty plea.

Next, on December 16, 2002, the Court held a Factual Basis &
Sentencing Hearing for the petitioner.  On that occasion, the
Court reviewed the record, the Pre-Sentence Report, and other
pertinent matters.  In addition, the Court entertained the
government's Motion for a Downward Departure for the petitioner's
substantial assistance pursuant to U.S. Sentencing Guidelines
§5K1.1.  Ultimately, the Court granted the government's Motion,
and sentenced the petitioner to a term of 57 months imprisonment.
on Count One.  The Court's Judgment was filed on January 7, 2003.

The petitioner did not appeal his conviction or sentence.
Rather, on April 7, 2003, the petitioner filed the instant Motion
to Vacate alleging several matters, including that he was
subjected to ineffective assistance of counsel by virtue of his

attorney's failure to honor his request for a direct appeal.

On July 21, 2003, the government filed a combined Response and Motion for Summary Judgment. By that document, the government denied that the petitioner is entitled to any relief on his Motion to Vacate. Particularly concerning the petitioner's claim that counsel failed to file an appeal, the government asserts that this claim should be rejected because defense counsel denies that the petitioner ever asked her to file an appeal for him. Moreover, the government asserts, contrary to the petitioner's assertion, that the petitioner was aware of the means by which he could have himself appealed his case since this Court had explained those matters to him at the conclusion of his Sentencing Hearing. Therefore, the government believes that this claim, like the petitioner's others, should be summarily rejected.

Now, after having carefully considered this matter, the Court concludes, out of an abundance of caution, that the petitioner's Motion to Vacate should be granted for the limited purpose of allowing him to perfect a direct appeal.

## II. <u>ANALYSIS</u>

Indeed, as the government correctly noted, the petitioner's claim that counsel failed to file an appeal as requested is controlled by the Fourth Circuit's decision in <u>United States v. Peak</u>, 992 F.2d 39, 42 (4th Cir. 1993). In <u>Peak</u>, the Court of Appeals held that an attorney's failure to file an appeal, when

requested by his client to do so, is _per se_ ineffective assistance of counsel--irrespective of the merits of the appeal. See also Evitts v. Lucey, 469 U.S. 387, 391-05 (1985) (same). Thus, the petitioner's waiver of his appellate rights simply is not dispositive of this question, and an attorney should perfect an appeal whenever he is requested to do so.

Moreover, the Supreme Court has ruled that even where a defendant has not approached his attorney and specifically directed counsel to appeal, "the better practice is for counsel routinely to consult with the defendant about an appeal." Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000). In this instance, consult means to advise the defendant of the advantages and disadvantages of an appeal and make "a reasonable effort to discover the defendant's wishes." Id. In some cases, such as where a defendant receives a sentence which is different from what he expected, counsel's consultation about an appeal should occur _after_ the sentencing hearing has been conducted. United States v. Witherspoon, 231 F.3d 923, 927 (4th Cir. 2000).

In the instant case, the petitioner has alleged, _inter alia_, that he asked his attorney to file an appeal; but that his attorney, for whatever reason, failed to file such appeal as was requested. In response, the government denied this allegation, and submitted an affidavit from the petitioner's former counsel in opposition to the claim.

Such Affidavit states, _inter alia_, _prior_ to the time that he entered into the Plea Agreement, counsel advised the petitioner of his appellate waiver as set forth in that document; that on another occasion _prior to_ sentencing, counsel gave the petitioner a "plea supplement" which explained the limitation of his appellate rights; and that despite having been reminded of his appellate rights by the Court at the conclusion of his Sentencing Hearing, the petitioner did not express a desire to appeal his case.

However, just as in _Witherspoon_, counsel makes no mention of any _post_-sentencing discussions which she had with the petitioner concerning his rights or his desire to appeal. This omission is critical in the face of the petitioner's assertion that the Court erred in denying his request for a "minor participant" reduction.

Thus, notwithstanding counsel's Affidavit, the Court finds in light of _Evitts_, _Peak_, and _Witherspoon_, that it is compelled to give the petitioner the benefit of the doubt and grant his Motion to Vacate. That is, in cases such as this one, the prescribed remedy is to vacate the original Judgment and enter a new Judgment from which an appeal can be taken. Thus, the Court will vacate its Judgment so that the petitioner may appeal his conviction and/or sentence.

### III.  NOTICE OF APPELLATE RIGHTS

Mr. Rosado, you are hereby advised that you have an absolute

right to appeal your criminal case and any issues in it to the Fourth Circuit Court of Appeals. If you decide to do that, you will have to file a Notice of Appeal with the Clerk of this District Court within 10 days after the day your new Judgment of conviction is filed with this Court, or within 10 days after any Government appeal is filed with this Court, whichever day comes later. The Clerk will assist you in preparing your Notice of Appeal if you so request.

If you previously were determined to be indigent in connection with your criminal case, or if you now are indigent and are unable to pay for an appeal, you may request permission to proceed on appeal without prepayment of the applicable filing fees. You should discuss the question of appeal with your attorney, if you have one, but whatever he or she may tell you, the responsibility for filing the Notice of Appeal remains with you, and you must file such Notice within the aforementioned 10- day period in order to make it effective.

## IV.  ORDER

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1.  That the petitioner's Motion to Vacate is **GRANTED;**

2.  That the petitioner's original Judgment is **VACATED** due to counsel's failure timely to file an appeal as requested by the petitioner;

3.  That the Clerk is directed to prepare a new Judgment

with the same sentence and conditions as indicated on the original Judgment form;

4.   That the petitioner may appeal from his new Judgment as has been explained in this Order; and

5.   That the Clerk shall send copies of this Order to the petitioner and to the United States Attorney for the Western District of North Carolina.

**SO ORDERED.**

**Signed: June 10, 2005**

Richard L. Voorhees
United States District Judge